IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALLI MCFADDEN, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-01477 |
| v. | : | |
| | : | (Judge Kane) |
| HERMAN QUAY, | : | |
|     Respondent | : | |

**MEMORANDUM**

Pending before the Court in the above-captioned action is pro se Petitioner Talli McFadden ("Petitioner")'s motion for reconsideration of the Court's December 23, 2021 Order denying his first motion for reconsideration of the Court's October 29, 2021 Order denying his habeas corpus petition. (Doc. No. 25.) For the reasons set forth below, the motion will be denied.

I.  **BACKGROUND**

On August 27, 2021, Petitioner, who is presently incarcerated at United States Penitentiary Coleman I in Sumterville, Florida, commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241") (Doc. No. 1), a memorandum of law (Doc. No. 2), and exhibits (Doc. No. 3) in support thereof. In his petition and supporting documentation, Petitioner sought an Order directing the Federal Bureau of Prisons ("BOP") to apply prior custody credit and recalculate his current federal sentence. (Doc. No. 1.) Following an Order to show cause (Doc. No. 8), Respondent filed a response to the petition (Doc. No. 11), and Petitioner filed a traverse (Doc. No. 12).

In a Memorandum and Order dated October 29, 2021, the Court denied Petitioner's Section 2241 petition. (Doc. Nos. 14, 15.) Specifically, the Court concluded that: (1) Petitioner had failed to exhaust his administrative remedies prior to filing his Section 2241 petition; (2)

Petitioner could not challenge the validity of his 1994 voluntary manslaughter conviction and was not entitled to credit toward his federal sentence for the time served in state custody on this conviction; (3) Petitioner was not entitled to double credit for the nineteen (19) months spent in federal custody for violating his period of supervised release imposed as part of his prior federal sentence; and, finally, (4) Petitioner was not entitled to credit for time spent on house arrest or in a halfway house. (Doc. No. 14 at 4-9.)

On November 15, 2021, Petitioner filed a motion for reconsideration of the Court's October 29, 2021 Memorandum and Order (Doc. No. 17), and Respondent filed a response thereto (Doc. No. 18). On December 23, 2021, the Court issued an Order denying Petitioner's motion for reconsideration. (Doc. No. 24.) Specifically, the Court found that Petitioner did not meet the narrowly defined factors governing motions for reconsideration, as he failed to identify an intervening change in controlling law, provide any evidence that was not previously available to the Court, or show the need to correct a clear error of law or prevent manifest injustice. (Id. at 3.) The Court also found that Petitioner did not challenge the Court's conclusion that he failed to exhaust his administrative remedies prior to filing this action and that, instead, he was rearguing issues that had previously been considered by the Court in its Memorandum and Order denying his Section 2241 petition. (Id.) Thus, the Court, finding no basis for Petitioner's request for relief, denied his motion for reconsideration and directed that the case remain closed. (Id.)

Over two months later, on March 15, 2022, Petitioner filed the instant motion for reconsideration, wherein he seeks reconsideration of the Court's December 23, 2021 Order denying his first motion for reconsideration. (Doc. No. 25.) Petitioner also filed a brief in support of his second motion for reconsideration. (Doc. No. 26.) The Court, after reviewing the motion, directed Respondent to file a response (Doc. No. 30), which Respondent filed on May

17, 2022 (Doc. No. 31). Petitioner then filed a traverse on May 31, 2022. (Doc. No. 32.) Thus, Petitioner's second motion for reconsideration is ripe for the Court's resolution.[1]

## II. LEGAL STANDARD

Generally speaking, a party may file a motion for reconsideration under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). "Although motions for reconsideration under [these Rules] serve similar functions, each has a particular purpose." Id.; United States v. Jackson, 802 F. App'x 50, 54 n.3 (3d Cir. 2020) (unpublished) (observing this principle set forth in Fiorelli). As explained by the Third Circuit, "the function of the motion, and not the caption, dictates which Rule is applicable." See Fiorelli, 337 F.3d at 287-88 (citations omitted).[2]

"[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal." See Blystone v. Horn, 664 F.3d 397, 414 (3d Cir. 2011) (citation and emphasis omitted). In doing so, Rule 59(e) recognizes "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." See id. (citation omitted). A Rule 59(e) motion, which is extremely limited, must rely on at least one of the following three (3) grounds: "(1) an intervening change

---

[1] The Court notes that, in between the time Petitioner filed his first and second motions for reconsideration, he filed an appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit"). (Doc. No. 20.) That appeal was dismissed by the Third Circuit on April 1, 2022, for Petitioner's failure to timely prosecute insofar as he failed to pay the requisite fee as directed. (Doc. No. 27.)

[2] Notably, although the term "reconsideration" does not appear in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, courts have routinely treated motions filed under these Rules as motions seeking "reconsideration." See, e.g., Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008) for the following proposition: "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed as either a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment").

in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); Wiest, 710 F.3d at 128.

"[A] Rule 60(b) motion may not be used as a substitute for an appeal[.]" See Fiorelli, 337 F.3d at 288 (citation and internal quotation marks omitted). Moreover, and similar to a Rule 59(e) motion, a Rule 60(b) motion is extremely limited and must rely on at least one of the following six (6) grounds for reconsideration: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed. R. Civ. P. 60(b); Fiorelli, 337 F.3d at 288.

**III.  DISCUSSION**

In his second motion for reconsideration and supporting brief, Petitioner asserts that he has newly discovered evidence to present to the Court, which was purportedly not available when he filed his first motion for reconsideration. (Doc. No. 25 ¶ 2; Doc. No. 26 at 1.) In support of this assertion, Petitioner seems to argue that he is entitled to additional sentencing credits because the BOP has confused him with another individual that goes by the name of James Armstrong. (Doc. Nos. 26, 32.) And, in further support, Petitioner sets forth the following allegations:[3] Petitioner "used the name Larue McFadden . . . in the year 2000" (Doc. No. 26 at 1); James Armstrong, who also used the name Larue McFadden in the year 2002, was "subsequently sentenced" and housed at State Correctional Institution Mahanoy ("SCI

---

[3] These allegations are broad, and the Court has done its best to understand Petitioner's argument in order to recount it here.

4

Mahanoy") (Doc. No. 32 at 2); Petitioner, who was released from federal custody in 2004, was incarcerated again in 2006 and "the federal government lodged a detainer against [him] under the alias 'Larue McFadden,' but somehow that warrant ended up being lodged against James Armstrong at SCI Mahanoy" (id.); when the warrant was subsequently lifted against James Armstrong, "the BOP mistakenly documented that it was [Petitioner] who was serving time at SCI Mahanoy" (id.); and, finally, the time that Petitioner spent "in the state" while the federal warrant was lodged against him was credited "to the state (i.e., SCI Mahanoy)[.]"  (Id.)  Based upon these various allegations, Petitioner requests that the Court "grant his time from December 20, 2006, to May 14, 2009[,]" and credit this time to his current federal sentence.  (Doc. No. 26 at 1.)

In addition to asserting these various allegations, Petitioner has also submitted the following pieces of evidence: (1) excerpts from a March 31, 2011 Violation of Supervised Release concerning, allegedly, Petitioner (identified as "Larue McFadden"), and an NCIC Report for Petitioner, which is dated June 29, 2015 (Doc. No. 26-1); (2) a criminal docket sheet for the Court of Common Pleas of Philadelphia County, Pennsylvania, pertaining to a 2002 criminal case related to "Larue McFadden[,]" who, allegedly, is "James Armstrong" (Doc. No. 26-2); (3) a USM-129 Individual Custody/Detention Report for "Talli Larou McFadden," which was previously submitted to the Court (Doc. No. 26-3; Doc. No. 11-1 at 27); (4) several requests for administrative remedies and responses thereto, many of which were previously submitted to the Court (Doc No. 26-4; Doc. No. 3-17 at 2, 5, 7, 9, 20); (5) an email chain between Petitioner and Mr. Winter (who appears to be a BOP employee that works at the "Record Room" at USP Allenwood), occurring between the dates of January 31, 2022, and February 22, 2022 (Doc. No. 26-5); (6) an "Affidavit of [T]ruth" executed by Petitioner, which essentially reiterates the

allegations that he has asserted in his instant motion for reconsideration and supporting brief (Doc. No. 26-6); (7) a purported November 24, 2021 letter from "M. Winter, SCSS[,]" discussing detainers from 2000 and 2007, which was previously submitted to the Court (Doc. No. 26-7; Doc. No. 19-1); (8) Petitioner's criminal history, reflecting a print date of June 29, 2015, which was previously submitted to the Court (Doc. No. 26-8; Doc. No. 3-3); and (9) the Declaration of Angela Kelly, a Correctional Program Specialist at the Designation and Computation Center in Grand Prairie, Texas, which was previously submitted to the Court (Doc. No. 26-9; Doc. No. 11-1 at 3-5.).

Respondent opposes Petitioner's request for relief and asserts two (2) grounds upon which the Court should deny his motion for reconsideration. First, Respondent argues that the motion should be denied because Petitioner has not demonstrated any of the enumerated grounds that justify reconsideration. (Doc. No. 31.) Second, Respondent argues that the motion should be denied because Petitioner has failed to overcome the Court's prior dispositive holding that Petitioner failed to exhaust administrative remedies prior to filing his Section 2241 petition in federal court. (Id.)

The Court, having reviewed the parties' respective arguments and the underlying record in this matter, agrees with Respondent that Petitioner is not entitled to the relief that he seeks in his second motion for reconsideration. At the outset, the Court notes that Petitioner's second motion for reconsideration does not explicitly refer to either Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Petitioner has, however, set forth the standard that governs Rule 59(e) motions. (Doc. No. 25 at 1 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) for the following standard—"[a] court may alter or amend its judgment only upon a showing from the movant of one of the following: (1) an intervening change in the controlling

law; (2) the availability of new evidence . . . [;] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice").)  Thus, it appears that it would be appropriate to treat Petitioner's instant motion for reconsideration as one filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  However, if the Court did so, the motion would be untimely.  See Fed. R. Civ. P. 59(e); Lizardo v. United States, 619 F.3d 273, 279-80 (3d Cir. 2010) (discussing, inter alia, the significance of the twenty-eight (28)-day deadline imposed by Rule 59(e)).

Thus, given Petitioner's explicit reference to newly discovered evidence, the Court finds that it is appropriate to treat his instant motion for reconsideration as one filed under Rule 60(b).  Under this Rule, a party is permitted to file his motion for reconsideration "within a reasonable time" or, with respect to certain enumerated grounds set forth in the Rule (such as newly discovered evidence), "no more than a year after the entry of the judgment or order or date of the proceeding."  See Fed. R. Civ. P. 60(c)(1); Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (recognizing that Rule 60(b) has limitations, "such as the requirement that the motion 'be made within a reasonable time' and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)").  Thus, under Rule 60(b), the Court concludes that Petitioner's motion was timely filed because it was filed within one year of the Court's Order denying his first motion for reconsideration of the Court's judgment in this action.

However, the Court finds that Petitioner's proposed new evidence, even if timely filed under Rule 60(b), would still not be sufficient to justify relief.  In order for Petitioner to satisfy the standard set forth under Rule 60(b)(2), he must show that the newly discovered evidence: (1) is "material and not merely cumulative[;]" (2) could not have, with the exercise of reasonable diligence, been discovered before the Court denied his first motion for reconsideration of the

7

Court's judgment in this action; and (3) "would probably have changed the outcome of" the Court's Order denying his first motion for reconsideration.[4] See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (citations omitted). Petitioner, as the moving party, "bears a heavy burden" under Rule 60(b) and must demonstrate "more than a showing of the potential significance of the new evidence." See id. (citation omitted). Indeed, the Third Circuit has instructed that such motions "should be granted only where extraordinary justifying circumstances are present." See id. (citations omitted).

Here, the Court finds that some of the evidence that Petitioner has filed in support of his second motion for reconsideration was previously submitted to and considered by the Court either in connection with its October 29, 2021 Order denying his Section 2241 petition or in connection with its December 23, 2021 Order denying his first motion for reconsideration. See, e.g., (Doc. Nos. 26-3, 26-4, 26-7, 26-8, 26-9).[5] As a result, this evidence does not constitute newly discovered evidence for purposes of Rule 60(b)(2). See Blystone, 664 F.3d at 415-16 (stating "that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling[, but instead,] new evidence . . . means

---

[4] Notably, Rule 59(e) and Rule 60(b) "share the same standard for granting relief on the basis of newly discovered evidence[.]" See Compass Tech., Inc. v. Tseng Lab'ys, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (citation omitted).

[5] More specifically: the USM-129 Individual Custody/Detention Report for "Talli Larou McFadden" was attached to Respondent's response to Petitioner's Section 2241 petition (Doc. No. 26-3; Doc. No. 11-1 at 27); some of the administrative remedy documents were filed in support of Petitioner's Section 2241 petition (Doc No. 26-4; Doc. No. 3-17 at 2, 5, 7, 9, 20); the purported November 24, 2021 letter from "M. Winter, SCSS[,]" discussing detainers from 2000 and 2007, was filed in connection with a letter Petitioner filed in support of his first motion for reconsideration (Doc. No. 26-7; Doc. No. 19-1); the document reflecting Petitioner's criminal history was filed in support of Petitioner's Section 2241 petition (Doc. No. 26-8; Doc. No. 3-3); and the Declaration of Angela Kelly, a Correctional Program Specialist, was attached to Respondent's response to Petitioner's Section 2241 petition (Doc. No. 26-9; Doc. No. 11-1 at 3-5.).

evidence that a party could not earlier submit to the court because that evidence was not previously available" (citation and some internal quotation marks omitted)); Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 252 (3d Cir. 2010) (stating the same).

Additionally, the Court finds that the remainder of the evidence that Petitioner has filed in support of his second motion for reconsideration is evidence that was available and could have, with reasonable diligence, been obtained by Petitioner at the time of both the Court's October 29, 2021 Order denying his Section 2241 petition and the Court's December 23, 2021 Order denying his first motion for reconsideration. More specifically, the Court finds that most of this "new" evidence bears dates that predate the Court's decisions and, further, this "new" evidence appears to have been readily accessible to Petitioner, as this evidence relates to his criminal case, the underlying administrative remedies he filed, or was otherwise publicly accessible to him. See, e.g., (Doc. No. 26-1 (containing a March 31, 2011 Violation of Supervised Release for, allegedly, Petitioner (identified as "Larue McFadden"), and an NCIC Report for Petitioner, which is dated June 29, 2015); Doc. No. 26-2 (containing a criminal docket sheet for the Court of Common Pleas of Philadelphia County, Pennsylvania, pertaining to a 2002 criminal case related to "Larue McFadden[,]" who, allegedly, is "James Armstrong"); (containing an "Inmate to Staff" message that was sent from Petitioner to "USP Associate Wardens" on June 1, 2021, regarding information concerning an administrative remedy document that he had filed)). In other words, the Court finds that this allegedly new evidence could have been discovered prior to the Court's pertinent decisions had Petitioner acted with a reasonable amount of diligence. See Bohus, 950 F.2d at 930 (explaining that "[n]ewly discovered evidence [is] evidence of facts in existence at the time [of the judgment] of which the aggrieved party was excusably ignorant").

In fact, the only evidence that Petitioner has submitted which does not appear to have been in existence at the time of the Court's pertinent decisions and, thus, could be deemed newly discovered evidence for reconsideration purposes, is an email chain between Petitioner and Mr. Winter (who appears to be a BOP employee that works at the "Record Room" at USP Allenwood), occurring between the dates of January 31, 2022, and February 22, 2022. (Doc. No. 26-5.) As reflected in this email chain, Petitioner is requesting information about a "Jimmie Armstrong" who had, allegedly, used Petitioner's name "back around 2004 to 2008[.]" (Id. at 5.) Although Petitioner does not clearly explain the significance of this email chain, he nevertheless argues that "this new evidence was not available to him until February 15, 2022," because that is "when he requested for records [(presumably the records department)] to do a search for the name Laure McFadden to determine the source of the confusion." (Doc. No. 32 at 3.) Petitioner asserts that this "makes it NEW EVIDENCE[.]" (Id.)

The Court is unpersuaded by Petitioner's assertion. Initially, the Court observes that, throughout this email chain, Mr. Winter makes the following statements: "there is not a Jimmie, James, Jimmy, Jim Armstrong with the date of birth [provided by Petitioner] with a criminal record in the state of Pennsylvania" (Doc. No. 26-5 at 4); and Petitioner is not entitled to any additional credits towards his current federal sentence, despite the various arguments Petitioner asserted with respect to Mr. Armstrong and whether or not Petitioner had ever been incarcerated at SCI Mahanoy (id. at 2-4).

Despite these statements, Petitioner has cited to a specific portion of this email chain, wherein Mr. Winter explains as follows:

> Grand [P]raire said this: Your date of offense was 06-30-2012. Jail credit cannot be applied before this date. You are right about the M129 being wrong, but this has no affect [sic] to your current sentence.

10

(Doc. No. 26-5 at 3.)  Petitioner solely focuses on the portion of this statement which alleges that Grand Prairie (presumably the Designation and Computation Center in Grand Prairie, Texas) stated that he was "right about the M129[.]"  (Id.)  However, even when considering this argument, the Court fails to see its significance.  Not only has Petitioner failed to fully expound on the meaning of this "M129" or how he was "right" about it, but Mr. Winter specifically explains that, even though Petitioner was "right about the M129" (id.), this still had no impact on his current federal sentence.  (Id.)

Additionally, the Court finds that Petitioner has not stated, much less shown, that this evidence could not have been discovered with the exercise of reasonable diligence prior to either the Court's October 29, 2021 Order denying his Section 2241 petition or the Court's December 23, 2021 Order denying his first motion for reconsideration.  Moreover, the mere fact that the correspondence in this email chain did not occur until after the Court denied Petitioner's Section 2241 petition and Petitioner's first motion for reconsideration does not, in itself, demonstrate that Petitioner exercised due diligence in obtaining, or seeking to obtain, such evidence.   See Bohus, 950 F.2d at 930 (explaining that the moving party is entitled to relief under Rule 60(b)(2) "only if" the newly discovered evidence, inter alia, could not have been discovered prior to the judgment through the exercise of reasonable diligence).  As a result, the Court finds that Petitioner has not met his heavy burden under Rule 60(b)(2) to show that this documentation constitutes newly discovered evidence such that he would be entitled to the extraordinary relief that he seeks.

For all of these reasons, the Court finds that the arguments and evidence submitted in connection with Petitioner's instant motion for reconsideration are arguments and evidence that could have been presented to the Court at the time it issued its December 23, 2021 Order denying

his first motion for reconsideration of the Court's judgment in this action. As a result, Petitioner has failed to show that he entitled to relief here.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court will deny Petitioner's instant motion for reconsideration. (Doc. No. 25.) An appropriate Order follows.